IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NORMAN JOSEPH CONKLE, II  *
#213 950
    Plaintiff,  *

      v.  *     2:07-CV-778-MEF
                                        (WO)

CO OTIS BARNES, *et al.*,  *

    Defendants.  *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this complaint on August 29, 2007. On October 11, 2007 he filed a pleading with the court in which he indicates that the current litigation is confusing to him Plaintiff states that he is "going to have to give up" because he does not know what he is doing.

The court has construed Plaintiff's October 11 pleading as a motion to dismiss the complaint. Upon review of the file in this case, the court concludes that Plaintiff's motion to dismiss is due to be granted.[1] Plaintiff is advised that dismissal of his complaint is without prejudice to his right to re-file this action should he subsequently determine that he is in a position to litigate this matter.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion to dismiss (*Doc. No. 8*) be GRANTED and that this case be DISMISSED without

---

[1] If the court has misconstrued Plaintiff's wishes regarding the status of this matter, he should file his objection to the instant Recommendation within the time period allowed.

prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before November 5, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of October, 2007.

                                                     /s/Charles S. Coody
                                                  CHARLES S. COODY
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE